CASE NO.: 20-11958

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

**JEFFERY R. BELL,**

                                Appellant,

vs.

**GREGORY TONY, in his official capacity
as Sheriff of Broward County,**

                                Appellee.
_____

On appeal of a final order dismissing the case
by the United States District Court, Southern District of Florida
_____

**APPELLANT'S MOTION FOR EXPEDITED BRIEFING
SCHEDULE, MOTION TO SHORTEN RESPONSE TIME TO
THIS MOTION AND MOTION FOR AN EXPEDITED
DECISION ON THIS MOTION AND THE MERITS
FROM THIS COURT**
_____

                              ROBERT C. BUSCHEL
                              EUGENE G. GIBBONS
                              BUSCHEL GIBBONS, P.A.
                              One Financial Plaza, Suite 1300
                              100 S.E. Third Avenue
                              Fort Lauderdale, FL 33394
                              Tel: (954) 530-5301
                              Counsel for Appellant,
                              Jeffery R. Bell

| BELL | CASE NO. 20-11958 |
|---|---|

vs.

TONY

_____/

## **AMENDED CERTIFICATE OF INTERESTED PERSONS**

Pursuant to 11th Cir. R. 26.1-1(a)(2), 11th Cir. R. 26.1-2(a), and 11th Cir. R. 26.1-3, Appellant certifies that the following persons and entities may have an interest in the outcome of this case.

Bell, Jeffery, (Appellant)

Buschel Gibbons, P.A., (Counsel for Appellant)

Buschel, Robert, Esq., (Counsel for Appellant)

Ferguson, David, Esq., (Counsel for Appellee)

Gibbons, Eugene, Esq., (Counsel for Appellant)

International Union of Police Associations, Local #6020 – Broward Sheriff's Deputies Association (union represented by Jeffery R. Bell, Appellant)

Kopelowitz Ostrow Ferguson Weiselberg Gilbert, (Counsel for Appellee)

Law Offices of Carmen Rodriguez, P.A., (Counsel for Appellee)

Rodriguez, Carmen Maria, Esq., (Counsel for Appellee)

Singhal, Raag (District Court Judge) (**added**)

Tony, Gregory, Sheriff of Broward County (Appellee)

Appellant JEFFERY R. BELL, through counsel, requests the Court to shorten the response time to this motion, schedule an expedited briefing schedule, and issue an expedited decision from this Court, pursuant to Federal Rules of Appellate Procedure 2, & 27(a)(3). Bell files his initial brief and appendix with this motion, only 20 days after the notice of appeal was filed, and only one day after the district court issued its opinion.

Since the outbreak of the Coronavirus, two members of the Sheriff's Office family died from the disease. *See* Exhibit – 1. After Union President Jeffery Bell spoke out about the dangerous lack of personal protective equipment provided for frontline deputies in Broward County, Sheriff Gregory Tony silenced him through swift, aggressive, and negative employment actions. Gregory Tony is also running his first election campaign for Sheriff. Muzzling Jeffery Bell, his main critic, is key to that strategy. One of those negative actions was ordering Internal Affairs to investigate Bell's speech under threat of more severe discipline, if Bell speaks out further. A little over two weeks after Tony took the negative employment actions against Bell, effectively removing him as Union President, the Union published the overwhelming results of a "no confidence" vote against Sheriff Tony. *See* Exhibit –2.  The typical briefing

1

schedule in this case will diminish meaningful review of the ongoing infringement of Bell's First Amendment rights.

Appellant, Jeffery R. Bell's, lawsuit sought an injunction requiring the Sheriff's Office to reinstate him to his status as deputy with all rights and privileges, including the First Amendment right to speak freely on matters of public concern while serving as the Union President. *See* (DE 1; DE 4). On April 10, 2020, the Sheriff suspended Bell because of his speech, contending that Bell's statements about the lack of preparedness of the Sheriff's Office in the Covid-19 pandemic was false, constituted a lack of "truthfulness," and "conduct unbecoming," as a Sheriff's office employee. (DE 1-6). Moreover, Bell was ordered to not talk about the aforementioned issue. The terms of the suspension suppress Bell's private speech on a matter of public concern, under the threat of more severe adverse employment action, including termination.

It is well-settled that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Beckwith Elec. Co., Inc. v. Sebelius*, 960 F. Supp. 2d 1328, 1349–50 (M.D. Fla. 2013) (quoting *Elrod v. Burns,* 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L.Ed.2d 547 (1976)). In this case, Bell has alleged his pure speech is being chilled and suppressed. Bell penned an opinion piece about the

Sheriff's inadequate response to the COVID-19 pandemic and its effect on deputy-members of his Union. (DE 1-4). He spoke out about the same subject matter affecting the members of the Union. Speaking out on behalf of the Union membership is at the heart of the free speech clause. *See Rutan v. Republican Party of Illinois,* 497 U.S. 62, 69, 110 S. Ct. 2729, 2734 (1990).

Sheriff Tony outright stated that Bell would have to "account" for his criticism of the Sheriff. One clear purpose of the employment action by the Sheriff against Bell was for a political advantage in the upcoming primary election in which Sheriff Tony is a democratic candidate for Sheriff.[1]

The Sheriff said the following at his April 7, 2020 press conference:

> When I fired them this Union President said I was wrong. Deputies abusing the most gross type of impact, beating people in handcuffs, and when I fired them, this Union President said I was wrong.

****

> And I have accounts and accurate information where he [Bell] has **strategically set out to his agenda to make sure I will lose this primary** and the public will have access to that as well.

****

---

[1] https://www.browardsoe.org/Election-Information/Upcoming-Elections (Supervisor of Elections website, last reviewed June 8, 2020).

> I have talked about accountability and transparency since I have come here. I have not yielded on that and I am not going to yield for an individual[2], and **so he too will be held accountable.**

(DE 14-1-3) (emphasis added).

On April 10, 2020, three days after the Tony's threats, Tony suspended Bell with pay, withdrew his "full release" status/assignment to the Union and reassigned him to Internal Affairs pending an investigation of his statements, and prohibited him from stepping on BSO properties. (DE 1-6). This negative employment action was accompanied with the continued threat that his formal discipline, after the investigation, will be worse, if Bell continues to speak out. Furthermore, without resolution, the Internal Affairs investigation of Bell can legally last 180 days. *See* § 112.532(6) (limitations period of internal administrative investigations of law enforcement officers). This is well past the August primary election.

The issue in this case is limited to what this Circuit's holding on the meaning of "adverse employment action" in the context of First Amendment retaliation cases. The district court dismissed the Complaint for *one reason*, concluding that the suspension with pay was not an adverse employment action. (DE 23-10). The question on appeal thus pertains to the legal

---

[2] "Yes I am talking about Jeff Bell." (DE 14-1-3).

sufficiency of the allegations of the Complaint. The record on appeal is limited to twenty-five filings and no hearing transcripts. Because the appeal concerns the free speech rights against the backdrop of a pandemic and civil unrest, the need for a quick resolution is warranted.

Along with this motion, Bell files his initial brief and appendix. Bell requests an expedited review of this motion, expedited briefing schedule and ruling. As to the scheduling: The Court should schedule the following: Initial brief filed with this motion; Answer brief to be filed 14 days later. Reply brief to be filed 7 days later. Appellant has not requested oral argument.

Counsel for Appellant conferred with Appellee's counsel, Carmen Rodriguez, Esq. regarding Sheriff Tony's position on the relief sought in this motion. The Sheriff objects to an expedited review of this motion, an expedited briefing schedule, and an expedited ruling from this Court.

# CONCLUSION

For the reasons stated above, this Court should expedite the review of this motion, the briefing schedule, and ruling of this appeal.

Respectfully submitted,<br>
BUSCHEL GIBBONS, P.A.<br>
Attorneys for Appellant<br>
100 S.E. Third Ave., Suite 1300<br>
Fort Lauderdale, FL 33394<br>
Tel: (954) 530-5301<br>
Email: Buschel@BGLaw-pa.com

By: _____/s/_____
       ROBERT C. BUSCHEL
       Fla. Bar No: 0063436

       EUGENE G. GIBBONS
       Fla. Bar No: 839981

# CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY pursuant to Rule 32(g)(1), Federal Rules of Appellate Procedure, that this Motion complies with the type-volume limitations of Rule 32(a)(7)(B)(i), Federal Rules of Appellate Procedure, because the Brief contains <u>1,454</u> words. This Motion complies with the typeface requirements of Rule 32(a)(5)(A) and the type style requirements of Rule 32(a)(6) because it was prepared in Times New Roman 14-point, a proportionally-spaced font.

By: _____/s/__Robert Buschel____

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion has been filed with the Court through CM/ECF, which will serve all counsel of record named below, by e-mail service this 12th day of June 2020;

BUSCHEL GIBBONS, P.A.

By: _____/s/__Robert Buschel____

Carmen Rodriguez, Esq.
Law Offices of Carmen Rodriguez, P.A.
15715 South Dixie Highway, Suite 411
Palmetto Bay, Florida 33157-1884
Telephone: (305) 254-6101
Facsimile: (305) 254-6048
Attorney for Appellee

David Ferguson, Esq.
Kopelowitz Ostrow
Ferguson Weiselberg Gilbert
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Attorney for Appellee